By the Court.
Slosson, J.
—We are inclined to think, that the motion for a nonsuit might properly have been granted, as the evidence introduced to show negligence on the part of the defendants was very faint, and probably was quite as pertinent to establish negligence on the part of the plaintiff, as of the defendants.
But however this may be, we think the Court should have charged the first proposition, submitted by the defendants’ counsel.
The Judge had charged, that if the plaintiff was not guilty of any greater negligence, than in not seeing the car until too late to avoid the collision, still if the driver of the car, in the exercise of ordinary care, by slackening his speed or applying his brakes, could have prevented it, the defendants would be liable.
The defendants’ counsel then requested the Court to charge, that from the fact of the plaintiff having driven his wagon upon the railroad track in front of the cars, and continuing thereon without any apparent necessity, he was bound to use more care and diligence, and keep a better look-out, than he would have been if he had not been on the track, that he might *320 avoid any collision, which proposition the Judge declined to charge on the ground that the charge as already made properly presented that matter to the jury.
The charge as made, was that it was not negligence in the plaintiff, which would excuse the defendants, that the plaintiff did not see the car in time, the proposition which the defendants’ counsel requested the J udge to charge was, that from the unnecessary and voluntary position in which the plaintiff had placed himself upon the defendants’ track, he was bound to keep a better look-out, than if he had not been on the track. If this proposition is correct, and if the plaintiff’s not seeing the car in time, was in consequence of his not keeping a proper look-out, then it is apparent that the charge was wrong, or that the proposition requested, should have been also charged.
We think the proposition embodied in the request is a sound one. The public have a right, undoubtedly, to drive upon and across the track, but not so as to interfere with the proper business of the company, and if an individual sees fit to run his carriage or wagon upon the rails, he is bound to exercise more care than he would in driving upon the common pavement to avoid collision. Other vehicles may turn out to avoid him, coming or going either way, but a car can turn neither to the right nor left, and if the rule contended for by defendants’ counsel be not true, and if the charge of the Judge be correct, then if the driver of a vehicle sees fit to place himself in front of a car in motion, and willfully to slacken his own speed so as to delay the car, and impede its progress, and restrict its speed within the time allowed by law, he could recover damages in case of a collision, if the driver of the car, in the exercise of ordinary care, either by retarding his own speed or by applying his brakes, could have prevented the injury.
We think such a rule would place our city railroad companies at the mercy of every obstinate or reckless driver in the town, and would lead to disturbances and collisions innumerable.
The true rule is, that the company is entitled to the unrestricted use of its rails, for the progress of its cars, within that limit of speed which the law allows them; and that as between them and the driver of any other vehicle who may be upon their track, in front of one of their cars, the latter, being unne *321 cessarily there, must exercise more care than he would if he were upon a common pavement, to see that an approaching car is not impeded, and if through negligence or willfulness on his part in this respect, a collision ensues, he should not have damages against the company, even if the latter are also in fault.
We cannot say that if the request had been charged the verdict would have been as it is. We think it might have been the other way, and, therefore, feel bound to direct a new trial.
Costs to abide the event.
Ordered accordingly.